# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUR SHAREEF, | Case No. 1:23-cv-01445-KES-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| ANDERSON, *et al.*, | (ECF No. 15) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Abdur Shareef ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 15.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

1   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
2   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
4   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
5   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
6   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7         To survive screening, Plaintiff's claims must be facially plausible, which requires
8   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9   for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
10  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
11  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
12  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13  **II.    Plaintiff's Allegations**

14        Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the
15  events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1) J.
16  Anderson, (2) R. Juarez, (3) S. Silva, (4) A. Wesir, and (5) Herrea, correctional officer.

17        In claim 1, Plaintiff alleges violation of the Eighth Amendment for cruel and unusual
18  punishment.  On March 13, at approximately 0555 hours, Plaintiff arrived back to ASU from
19  medical.  Sergeant J. Anderson instructed the two correctional officers to place Plaintiff inside a
20  cage in a holding cell instead of Plaintiff's cell.  They left Plaintiff in the restraints for
21  approximately 4 hours unsupervised without a restroom or water while Plaintiff was on a hunger
22  strike.  In that time, Plaintiff missed his 9th meal and had to relieve his bladder twice on the floor
23  of the cage/holding cell. While locked in the restraints inside the cage, Plaintiff notes J. Anderson
24  walked by and Plaintiff yelled out that Plaintiff needed water and to use the restroom.  J.
25  Anderson ignored Plaintiff.  Correctional Officer R. Juarez walked by and Plaintiff yelled man
26  down and I'm having chest pains.  He also ignored Plaintiff.  Correctional Officer A. Wesier and
27  S. Silva walked by and Plaintiff yelled that Plaintiff needed to use the restroom and was having
28  chest pains.  Once again Plaintiff was ignored.  By being left inside the cage unsupervised for

hours without water or restroom, the defendants violated Plaintiff's Eighth Amendment rights. Plaintiff alleges that being ignored by the correctional officer cause Plaintiff to have PTSD and anxiety.

In claim 2, Plaintiff alleges violation of the Eighth Amendment for cruel and unusual punishment. Plaintiff alleges on March 13 at about 1000 hrs, after receiving medical attention, Plaintiff was escorted back to his cell on a medical gurney and "forcefully snatched off" by Sergeant J. Anderson and dragged across the filthy floor causing the restraints to tighten around Plaintiff's wrist and cutting off blood circulation. This eventually created nerve damage. Plaintiff told correctional officer Herrea who was monitoring Plaintiff, multiple times that Plaintiff is in pain, could not feel his hands, and the cuffs were tight. Correctional officer Herrea ignored Plaintiff. Plaintiff also told correctional officer Juarez on his security walk that Plaintiff was in pain, could not feel his hands, the cuffs were too tight. Plaintiff stuck his hand out the tray slot to show him. He also ignored Plaintiff, contributing to his anxiety and PTSD.

After being locked with the cuffs for about an hour, Sergeant J. Anderson, correctional officers J. Juarez, S. Silvo and A. Wesir approached the cell and Plaintiff notified them that Plaintiff needed medical attention. "They" "violently tugged me through the tray slot" ultimately resulting in bruised and discolored and swollen area on left arm, swollen area, and abrasion/scratches and bleeding on left arm; two abrasions to the right arm swollen area on the right hand, infection. Even after both arms were out of the slot, they were not able to remove the left cuff from his hand and had to retrieve some huge bolt cutters and J. Anderson attempted to cut off the cuff without success only resulting in cuts on Plaintiff's left hand and wrist area. Then J. Silva successfully cut the cuffs off but also caused a cut on Plaintiff's hand/wrist area. After about an hour, Correctional officer Herrea made Plaintiff cuff behind Plaintiff's back even with all the visible injuries, also contributing to Plaintiff's PTSD.

Plaintiff seeks damages.

**III.   Discussion**

    **A.   Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

1  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations
2  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must
4  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
5  its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations
6  are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
7  572 F.3d at 969.

8      Here, Plaintiff's complaint is relatively short, but it is not a plain statement of his claims
9  showing that he is entitled to relief.  Many of Plaintiff's allegations are conclusory and do not
10  state what happened, when it happened, or which defendant was involved.  For instance, in many
11  allegations, Plaintiff refers to Defendants as "they" without identifying specific Defendants.
12  Despite being provided the pleading and legal standards, Plaintiff has been unable to cure this
13  deficiency.

14      **B.  Eighth Amendment**

15          **1.  Excessive Force**

16      The Eighth Amendment protects prisoners from inhumane methods of punishment and
17  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
18  2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual
19  Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)
20  (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must
21  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
22  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

23      "[W]henever prison officials stand accused of using excessive physical force in violation
24  of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-
25  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
26  *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal
27  cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution
28  provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*

4

*v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

<u>Being violently snatched up and dragged across the floor</u>

Plaintiff fails to state a claim because he fails to cure the deficiencies identified in the Court's screening order.  As Plaintiff was informed in the original screening, Plaintiff may be able to state a claim, but as currently alleged, Plaintiff fails to do.  Being "violently" snatched does not state facts to support excessive force as it is a conclusory allegation.  While being dragged across the floor may amount to excessive force, Plaintiff does not allege if he was resisting or combative or not responding to commands, such that the officers' conduct may be reasonable. Plaintiff does not state factual support to cure the deficiencies identified in the Court's screening order.  Plaintiff has been unable to cure this deficiency.

<u>Handcuffs</u>

Liberally construing the allegations, Plaintiff states a cognizable claim against Herrea for the tight handcuffs after Plaintiff complained multiple times to Herrea and also when Herrea forcefully made Plaintiff cuff up behind his back even with all the visible injuries and swollen hand instead of using waist restraints.

Plaintiff fails to state a cognizable claim against Juarez for the single time Plaintiff asked Juarez to loosen the handcuffs. *See Guerrero v. Rivera*, No. EDCV 13-0092-JGB (JPR), 2013 WL 878285, at *2 (C.D. Cal. Mar. 8, 2013) (finding that plaintiff had failed to state a cognizable excessive force claim regarding overly tight handcuffs where the named defendants had nothing

to do with the handcuffing, that Plaintiff did not allege that he made more than one request to any defendant to loosen the cuffs, or that any defendant was present for more than a few moments and was able to observe the effect the handcuffs had on the plaintiff); *Gregory v. Adams*, No. CIV S-05-1393 FCD EFB P, 2008 WL 486013, at *5 (E.D. Cal. Feb. 19, 2008) (holding that triable issue existed as to whether officer who did not personally handcuff plaintiff nonetheless used excessive force in ignoring plaintiff's repeated assertions of pain and refusing to loosen cuffs for more than five hours). *See Salazar v. L.A. Cnty. Sheriff's Dep't*, No. CV 17-07686-ODW (DFM), 2021 WL 3438653, at *2 (C.D. Cal. July 6, 2021) (rejecting without leave to amend excessive-force claim because plaintiff did not allege facts showing how handcuffs caused him pain or injury or how he communicated that to defendants), accepted by 2021 WL 4338946 (C.D. Cal. Sept. 23, 2021); *Johnson v. Frauenheim*, No. 1:18-cv-01477-AWI-BAM (PC), 2021 WL 5236498, at *8 (E.D. Cal. Nov. 10, 2021) (rejecting without leave to amend excessive-force claim because plaintiff did not allege that he asked defendant "more than once to loosen" handcuffs or that defendant "otherwise knew that the handcuffs were too tight and were causing [p]laintiff to suffer severe pain"), accepted by 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021); *Bibbs v. Meiser*, No. SACV 22 0202 SPG JPR, 2022 WL 2528611, at *3 (C.D. Cal. July 6, 2022) (a constitutional violation could only rest on repeated ignored requests.); *O'Brien v. Reed*, No. 1:22-CV-00780 AWI BAM PC, 2022 WL 18027819, at *5 (E.D. Cal. Dec. 30, 2022), report and recommendation adopted, No. 1:22-CV-00780 AWI BAM PC, 2023 WL 2696662 (E.D. Cal. Mar. 29, 2023) (stating a cognizable claim against Defendants for tight handcuffs during the escort during which Plaintiff said at least four times that the cuffs were tight.)  Plaintiff has been unable to cure this deficiency.

<u>Tugging on the Triangle Handcuff</u>

Plaintiff fails to state a claim because he fails to cure the deficiencies identified in the Court's screening order.  Plaintiff continues to refer to defendants as "they" and is it is not clear to the Court who was tugging on the safety triangle.  Moreover, it appears from Plaintiff's allegations, and the exhibits to the complaint[1], that "they" were tugging to try and remove the

---

[1] The Court consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*,

1 handcuffs.

2 Plaintiff fails to state a claim for cutting the handcuffs with the bolt cutter because Plaintiff alleges "they" were trying to release the handcuffs and it appears any injury was accidental.

### 2. **Conditions of Confinement**

Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison,* 887 F.2d 134, 137 (9th Cir. 1989). Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each alone would not suffice, but only when they have a combined effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson,* 501 U.S. at 304–05 (comparing *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners are confined in small cells almost 24 hours per day), with *Clay v. Miller,* 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners had access to dayroom 18 hours per day)). Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See Anderson v. Cty. of Kern,* 45 F.3d 1310, 1315 (9th Cir.), *opinion amended on denial of reh'g,* 75 F.3d 448 (9th Cir. 1995), *abrogated on other grounds by Sandin,* 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)).

Plaintiff fails to state a conditions of confinement claim. Plaintiff alleges that he was placed in a cage for 4 hours, without water, medical, and without access to a toilet. Plaintiff has not alleged a sufficiently serious condition violative of the Eighth Amendment by these temporary conditions. *Anderson,* 45 F.3d at 1315 (no constitutional violation for placement in safety cages where the sanitary limitations imposed upon them were more than temporary and

---

506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

where inmate was in danger of self-harm).

### 3. Deliberate Indifference to Medical Care

Plaintiff alleges a claim for deliberate indifference to a serious medical need.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference*.*" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

8

Plaintiff fails to allege a cognizable claim against correctional officer Herrea. Unlike the original complaint, Plaintiff does not allege he told Herrea that he needed medical care when he was in the cage.

Plaintiff does not state a claim for deliberate indifference against any other defendant because the allegations currently are too vague and conclusory  It is unclear who did what and who knew what about Plaintiff's injuries.  It is unclear if Plaintiff told <u>each</u> of the defendants that he needed medical attention or that such attention was obvious from his injuries.  As informed in the original screening order, Plaintiff must state factual support as to the identity of each defendant and what that defendant did or did not do which was deliberately indifferent to Plaintiff's rights.

**IV.     Conclusion and Order**

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendant Herrea, correctional officer, for excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state any other cognizable claims for relief.

However, Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed June 13, 2024, (ECF No. 15), against Defendant Herrea, correctional officer, for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified

9

1  time may result in the waiver of the "right to challenge the magistrate's factual findings" on
2  appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923
3  F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:  **June 17, 2024**                    /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE