1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ABDUR SHAREEF,                          No.  1:23-cv-01445-KES-BAM (PC)

12                  Plaintiff,                 ORDER ADOPTING IN PART FINDINGS
                                               AND RECOMMENDATIONS AND
13           v.                                DISMISSING CERTAIN CLAIMS AND
                                               DEFENDANTS
14    ANDERSON, *et al.*,
                                               Doc. 16
15                  Defendants.

16

17          Plaintiff Abdur Shareef is a state prisoner proceeding pro se and in forma pauperis in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States

19   magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Plaintiff initiated this action on October 6, 2023.  Doc. 1.  The assigned magistrate judge

21   screened the complaint, found only one claim to be cognizable, and allowed plaintiff to either

22   proceed on that claim or to file a first amended complaint.  Doc. 14.  On June 17, 2024, plaintiff

23   filed a first amended complaint.  Doc. 15.

24          On June 17, 2024, the magistrate judge screened the first amended complaint and issued

25   findings and recommendations recommending that this action proceed only against defendant

26   Herrea on plaintiff's claim for excessive force in violation of the Eighth Amendment.  Doc. 16.

27   The magistrate judge recommended that all other claims and defendants be dismissed based on

28   plaintiff's failure to state claims upon which relief may be granted.  *Id.*  The findings and

                                                  1

1   recommendations were served on plaintiff and contained notice that any objections were to be

2   filed within fourteen (14) days after service.  *Id.*  Plaintiff did not file any objections, and the

3   deadline to do so has expired.

4        In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de

5   novo review of this case.  Having carefully reviewed the file, the Court adopts the findings and

6   recommendations except as noted below.

7        The findings and recommendations conclude that plaintiff has successfully stated a claim

8   for excessive force against defendant Herrea "for the tight handcuffs after Plaintiff complained

9   multiple times to Herrea and also when Herrea forcefully made Plaintiff cuff up behind his back

10  even with all the visible injuries and swollen hand instead of using waist restraints."  Doc. 16 at 5.

11  However, plaintiff has also sufficiently pleaded a cognizable claim against defendant Juarez for

12  excessive force regarding the tight handcuffs and against defendants Herrea and Juarez for

13  deliberate indifference to a serious medical need.  Thus, the Court declines to adopt the findings

14  and recommendations insofar as they recommend dismissing those claims.

15       The findings and recommendations cite district court cases in support of the conclusion

16  that an excessive force claim for tight handcuffs can proceed only where a plaintiff makes

17  multiple requests to have his handcuffs loosened.  Doc. 16 at 5-6.  However, the Ninth Circuit

18  reversed and remanded one of the cited cases, finding that "[l]iberally construed, [plaintiff's]

19  allegations [that handcuffs were on for two hours, that he complained to defendant of numbness,

20  and the next day he sought medical attention and suffers from ongoing nerve pain] were sufficient

21  to warrant ordering defendant to file an answer."  *Bibbs v. Meiser*, No. 22-55743, 2022 WL

22  17815131, at *1 (9th Cir. 2022) (cleaned up).[1]  As another court has noted:  "Although the level

23

24  _____

    [1] Pursuant to Ninth Circuit Rule 36-3, *Bibbs* is not precedent but may be cited pursuant to Federal
25  Rule of Appellate Procedure 32.1.  *See also In re Garden Fresh Restaurants, LLC*, Case No. 21-
    CV-1440 JLS (KSC), 2022 WL 4356104, at *4 n.4 (S.D. Cal. Sept. 20, 2022) ("As an
26  unpublished Ninth Circuit decision, [the opinion] is not precedent, but may be considered for its
    persuasive value."); *Save Strawberry Canyon v. Dep't of Energy*, No. C 08-03494 WHA, 2009
27  WL 1098888, at *2 (N.D. Cal. Apr. 22, 2009) ("The undersigned recognizes that unpublished
    opinions have no precedential effect, but they help inform district judges as to the current
28  thinking in the Ninth Circuit.").

at which tight handcuffing becomes unconstitutional is not well defined, the Ninth Circuit has found a triable issue when the handcuffs caused demonstrable injury or unnecessary pain, or when officers ignored or refused requests to loosen the handcuffs once alerted that the handcuffs were too tight." *Brooks v. Ruiz*, Case No. 2:21-cv-02010, 2024 WL 2702916, at *4 (C.D. Cal. Apr. 22, 2024), report and recommendation adopted by 2024 WL 2702650 (C. D. Cal. May 22, 2024) (citations omitted).

In *Brooks*, the plaintiff alleged that he specifically asked the defendant to loosen his restraints because they were causing numbness and pain, but the defendant ignored his request. *Id.* at *2. The court rejected the defendant's argument that plaintiff was required to repeatedly complain about the tightness of the handcuffs to state a claim for excessive force, holding that the plaintiff adequately stated an excessive force claim given the plaintiff alleged he was tightly restrained causing numbness, discomfort, and prolonged pain and given the defendant ignored plaintiff's request to loosen the restraints. *Id.* at *5. The court found that, viewing the allegations in plaintiff's favor, "[the defendant's] conduct in ignoring [the] [p]laintiff's request to loosen the restraints . . . [did] not appear to be a good-faith effort to maintain or restore discipline but rather raise[d] an inference of malicious intent to cause [p]laintiff harm." *Id.* at *6.

Plaintiff alleges that the restraints on his wrists were tight enough to cut off his blood circulation and resulted in nerve damage. Doc. 15 at 4. Plaintiff alleges that he alerted correctional officer Juarez of the situation as Juarez performed a security walk, informing him that the handcuffs were too tight, that plaintiff was in pain, and that plaintiff could not feel his hands. Doc. 15 at 4–5. Plaintiff further alleges he stuck his hands out of the tray slot to show him the tight cuffing. *Id.* Plaintiff alleges that Juarez ignored him. *Id.* Plaintiff states that Anderson, Juarez, Wesir, and Silva later removed his handcuffs after he notified them he needed medical attention. *Id.* at 5. While plaintiff's complaint is somewhat unclear regarding the timeline of when he initially informed Juarez of the tight handcuffing and was ignored, and when Anderson, Juarez, Wesir, and Silva later approached his cell and removed the handcuffs after plaintiff again complained, at this stage, plaintiff's complaint must be construed liberally. In the light most favorable to him, plaintiff adequately alleged that the handcuffs were overly tight

3

1   causing numbness, pain, and eventually nerve damage, that he told Juarez that he was in pain

2   from the handcuffs, and that Juarez ignored him.  It was only later, when plaintiff complained to

3   other officers in Juarez's presence, that the officers removed the handcuffs.  Thus, liberally

4   construed, plaintiff has stated an excessive force claim against Juarez for the excessively tight

5   handcuffing.

6       Plaintiff has also stated a cognizable claim against both Herrea and Juarez for deliberate

7   indifference to a serious medical need for the excessively tight handcuffing.  *See James v. Lee*,

8   485 F. Supp. 3d 1241 (S.D. Cal. 2020) (analyzing tight handcuffing as claim for both excessive

9   force and deliberate indifference to a medical need).  As the magistrate judge correctly noted, to

10  state a claim for deliberate indifference, plaintiff "must show he had a serious medical need and

11  defendants were deliberately indifferent to that need."  Doc. 16 at 8.

12      A medical need is serious "if the failure to treat the prisoner's condition could result in

13  further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin v. Smith*,

14  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*,

15  104 F.3d 1133 (9th Cir. 1997) (en banc) (citation omitted).  "The existence of an injury that a

16  reasonable doctor or patient would find important and worthy of comment or treatment; the

17  presence of a medical condition that significantly affects an individual's daily activities; or the

18  existence of chronic and substantial pain are examples of indications that a prisoner has a

19  'serious' need for medical treatment."  *McGuckin*, 974 F.2d at 1059–60 (citation omitted).

20      Plaintiff had a serious medical need because he alleges that he was in pain from the

21  tightness of the handcuffs, and moreover, that the tight handcuffing led to the further significant

22  injury of nerve damage.  Doc. 15 at 4; *see also Mackey v. Rudd*, Case No. 1:24-cv-00648-BAM

23  (PC), 2024 WL 4804690, at *4 (E.D. Cal. Nov. 15, 2024) ("Liberally construing the allegations,

24  Plaintiff had a serious medical need because he was suffering pain from overly tight handcuffs.");

25  *cf. MacFalling v. Nettleton*, Case No. CV 17-02399 SVW (AFM), 2017 WL 3498616, at *7 (C.D.

26  Cal. Aug. 15, 2017) (finding plaintiff did not demonstrate existence of a serious medical need

27  where plaintiff alleged cuts on his wrists and swollen hands but that these symptoms did not

28  persist).  Handcuffing that is tight to the point of causing nerve damage would be a condition that

4

1  a "reasonable doctor or patient would find important and worthy of comment or treatment."

2  *McGuckin*, 974 F.2d at 1059–60.

3      Plaintiff also adequately alleges that defendants Herrea and Juarez were deliberately

4  indifferent to plaintiff's medical need regarding the tight handcuffing.  A prison official is

5  deliberately indifferent if the official "knows of and disregards an excessive risk to inmate health

6  and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted).  This

7  "requires more than ordinary lack of due care." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)

8  (citation omitted).  "[T]he official must both be aware of facts from which the inference could be

9  drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at

10  837.  Deliberate indifference "may appear when prison officials deny, delay or intentionally

11  interfere with medical treatment, or it may be shown by the way in which prison physicians

12  provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

13      Here, plaintiff alleges he told Herrea, who was monitoring him, multiple times that the

14  handcuffs were too tight, that he was in pain, and that he could not feel his hands.  Doc. 15 at 4.

15  He alleges he told Juarez the same information when Juarez walked by on a security walk and

16  that he "stuck [his] hand out [of the] tray slot to show [Juarez]." *Id.* at 4–5.  He alleges both

17  defendants ignored him. *Id.*  Liberally construed, plaintiff adequately alleges that Herrea and

18  Juarez knew of and disregarded the excessive risk he faced by denying or delaying loosening or

19  removing the handcuffs.

20      Therefore, liberally construed, plaintiff has pleaded a cognizable claim for deliberate

21  indifference to a serious medical need against Herrea and Juarez regarding the tight handcuffing.

22      Accordingly,

23   1.  The findings and recommendations issued on June 17, 2024, (Doc. 16), are adopted in part

24      as set forth in this Order;

25   2.  This action shall proceed on plaintiff's first amended complaint (Doc. 15) against

26      defendants Herrea and Juarez for excessive force and for deliberate indifference to a

27      serious medical need in violation of the Eighth Amendment as set forth above;

28  ///

3. All other claims and defendants are dismissed from this action for failure to state a claim upon which relief may be granted; and

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:    June 6, 2025

_____
UNITED STATES DISTRICT JUDGE